IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-124-D
No. 7:19-CV-176-D

| | | |
|---|---|---|
| MATTHEW ASHLEY CUMMINGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On May 22, 2017, Matthew Ashley Cummings ("Cummings" or "petitioner") pleaded guilty to possessing stolen firearms (count one), possessing a firearm as a convicted felon (counts two and four), and attempted Hobbs Act robbery (count three). See [D.E. 27, 38, 42]. On August 22, 2017, the court sentenced Cummings to 120 months' imprisonment on counts one, two, and four and 144 months' concurrent imprisonment on count three. See [D.E. 42, 43]. Cummings appealed. See [D.E. 45]. On June 5, 2018, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Cummings, 725 F. App'x 238 (4th Cir. 2018) (per curiam) (unpublished).

On September 11, 2019, Cummings moved pro se to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 57]. In June 2020, Cummings, through counsel, filed amended motions to vacate under 28 U.S.C. § 2255 asking the court to review Cummings's sentence on counts two and four under Rehaif v. United States, 139 S. Ct. 2191 (2019). See [D.E. 71, 72, 73]. The government moves to dismiss both motions. See [D.E. 64, 65, 76, 80]. Cummings opposes the government's motion to dismiss. See [D.E. 75]. As explained below, the court grants the government's motion to dismiss and dismisses Cummings's section 2255 motions.

I.

As for Cummings's claim that counsel coerced him to plead guilty and that his guilty plea was not knowing and voluntary, see [D.E. 57] 4–5, Cummings fails to state a claim. See Lee v. United States, 137 S. Ct. 1958, 1964–67 (2017); Hill v. Lockhart, 474 U.S. 52, 57–59 (1985); Strickland v. Washington, 466 U.S. 668, 687–91 (1984). Cummings's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Cummings affirmed he was satisfied with the representation he received and that he fully understood the consequences of pleading guilty. See [D.E. 49] 2–10, 12, 17. Cummings also affirmed he understood the charges against him and the applicable penalties. See id. at 14–17. Moreover, at the Rule 11 hearing, Cummings affirmed that he understood that any prediction from his lawyer or anyone else as to his actual sentence or any prediction from anyone on any sentencing topic is not binding on the court. See id. at 18–19. Furthermore, the court directly asked Cummings: "Has anyone threatened you or anyone else forced you in any way to plead guilty, sir?" Cummings answered, "No, sir." Id. at 19. The court then asked Cummings: "Has anyone made any promise to you or anything else to make you decide to plead guilty, sir?" Cummings answered, "No, sir." Id. Cummings also affirmed he understood he had an absolute right to plead not guilty to all charges. See id. at 17. Accordingly, no one coerced Cummings to plead guilty, Cummings understood the charges against him and the penalties he faced, understood he could plead not guilty to all charges, and understood the consequences and implications of pleading guilty.

As for Cummings's argument that the court accepted his guilty plea without a proper factual basis, see [D.E. 57] 6–7, the court rejects it. After the court asked Cummings how he pleaded to

2

each count, he pleaded guilty. See [D.E. 49] 21–24. The court then asked the prosecutor to make a proffer as to what the evidence would show if Cummings's case had gone to trial. See id. at 24. The prosecutor then summarized the evidence concerning each count. See id. at 24–28. After the prosecutor's proffer, the court said to Cummings, "Based on the Government's summary and your acknowledgment that you are, in fact, guilty as charged . . . the Court will accept your plea of guilty to the charges contained in Counts 1 through 4." Id. at 28. The court accepted Cummings's guilty plea after hearing and evaluating the government's proffered factual basis for the charges. Thus, Cummings fails to state a claim.

As for Cummings's claim that Johnson v. United States, 576 U.S. 591 (2016), and United States v. Davis, 139 S. Ct. 2319 (2019), affect Cummings's sentence, the claim fails. See [D.E. 75] 3–4. Johnson concerned the definition of "violent felony" under the Armed Career Criminal Act in 18 U.S.C. § 924(e)(2)(B)(ii). See Johnson, 576 U.S. at 593. Davis concerned the constitutionality of the residual clause in 18 U.S.C. § 924(c)(3)(B). See Davis 139 S. Ct. at 2323–24. Cummings was not sentenced under the Armed Career Criminal Act and did not sustain a conviction under 18 U.S.C. § 924(c). See Presentence Investigation Report ("PSR") [D.E. 39] ¶ 78; Sent. Tr. [D.E. 50]. Accordingly, Johnson and Davis do not apply to Cummings.

As for Cummings's argument that counsel failed to properly object at sentencing to remove from the PSR Cumming's boastful, but untrue, statements, Cummings fails to state a claim. See [D.E. 75] 1–3; Strickland, 466 U.S. at 687–91. Counsel need not "raise every available nonfrivolous" argument to provide effective performance. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Although counsel may not have objected regarding every supposedly untrue statement Cummings made, counsel did strategically object to statements supporting an obstruction of justice enhancement. See PSR Add. [D.E. 39] 19–20; Sent. Tr. at 5–7. The court sustained

3

counsel's objection and removed the obstruction of the justice enhancement, thus reducing Cummings's base offense level by 2 levels. See Sent. Tr. at 5–7. Counsel did not perform deficiently.

Alternatively, Cummings has not plausibly alleged prejudice. At the end of the sentencing hearing, the court stated that even if it miscalculated the advisory guideline range, it would have "impose[d] the same sentence as an alternative variant sentence" because the court determined that 144 months on count three was "the sentence that is sufficient, but not greater than necessary, for Matthew Ashley Cummings." Sent. Tr. at 20–21; see United States v. Gomez-Jimenez, 750 F.3d 370 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156 (4th Cir. 2012). In light of the court's alternative variant sentence, Cummings has failed to plausibly allege that but for counsel's alleged deficiencies, Cummings would have received a different sentence. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1346–47 (2016); Sears v. Upton, 561 U.S. 945, 956 (2010).

As for Cummings's Rehaif claim, Cummings procedurally defaulted this claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Cummings from presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Cummings has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

4

Alternatively, the court dismisses the claim for failure to state a claim upon which relief can be granted. Cummings knew he was a felon when he possessed more than 25 stolen firearms. See Greer v. United States, 141 S. Ct. 2090, 2096–2100 (2021); Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021); cf. PSR ¶¶ 18, 24–28.

## II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 64], DISMISSES petitioner's section 2255 motions [D.E. 57, 71, 72], DENIES as moot petitioner's motion for an extension of time [D.E. 74], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This _8_ day of December, 2021.

JAMES C. DEVER III
United States District Judge

5